Nelson GEDIMAN, Betty Gediman,

v.

Donald TURNER, Fred L. Proctor, Sr., David Adams, PGA Yachts, Gerald Slakoff, Ocean Yachts, Inc., Detroit Diesel Corporation, Johnson & Tower, Inc.

Civ. A. No. 90–12429–S.

United States District Court, D. Massachusetts.

March 27, 1991.

Lawrence Perlmutter, Boston, Mass., for plaintiffs.

Thomas Murtaugh, Michael F. Connolly, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Ann C. Egan, Burns & Levinson, Merrill D. Goldfarb, Boston, Mass., Kevin G. Libby, Monaghan, Leahy, Hochandel & Libby, Portland, Me., Nelson G. Apjoh, Nutter, McClennen & Fish, Thomas J. Muzyka, Clinton & Muzyka, Boston, Mass., for defendants.

FURTHER ORDER ON MOTION OF FRED L. PROCTOR, SR. TO IMPOSE SANCTIONS UNDER RULE 11 (# 29)

ROBERT B. COLLINGS, United States Magistrate Judge.

On February 21, 1991, I allowed the Motion Of Fred L. Proctor, Sr., To Impose Sanctions Under Rule 11 (# 29). The facts are that the original complaint was filed in the Suffolk Superior Court. The defendants removed the case to this Court on grounds of diversity of citizenship and the fact that the amount in controversy was in excess of $50,000. Each of the ten counts of the complaint contained an *ad damnum* of $250,000.

On October 29, 1990, the plaintiff filed a Motion To Remand To State Court (# 23). In the motion, plaintiffs' counsel recited that there is a "lack of jurisdiction" in the federal court because "there is no likelihood that any recovery in this action will exceed $49,999.00." The basis for this statement was that the plaintiffs, by affidavits filed contemporaneously with the motion, "... expressly waived their right to any damages in excess of $49,999.00."

On November 5, 1990, the defendant Fred L. Proctor filed a three and one-half page opposition to the motion to remand (# 28), a one and one-half page motion for Rule 11 sanctions (# 29), and a four page memorandum in support of the motion for sanctions (# 30). Eight days later, plaintiff

filed a Withdrawal Of [The] Motion (# 35) [To Remand To State Court].

Plaintiffs filed an opposition and a memorandum in opposition to the motion for sanctions (## 53 & 54) on November 23, 1990.

As indicated, *supra,* on February 21, 1991, I allowed the motion for sanctions, writing that any contention that a waiver by plaintiffs of their right to recover more than $49,999.00 would defeat the federal court's removal jurisdiction was not "... warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Rule 11, Fed.R. Civ.P.

Accordingly, I granted the defendant, Fred L. Proctor, Sr., until March 8, 1991 to file and serve an affidavit or affidavits substantiating any costs, including reasonable attorney's fees, incurred in litigating the motion to remand and the motion for sanctions. I granted the plaintiffs until March 22 to reply to the affidavits.

In accordance with my order, the defendant Fred L. Proctor filed the Affidavit of Julie A. Davis (# 75) and the Affidavit of Michael F. Connolly (# 76). Plaintiff's [sic] Opposition, etc. (# 79) was filed on March 21, 1991.

In sum, defendant Fred L. Proctor seeks $1,430.00 for fifteen hours of the services of Attorney Davis at $90.00 per hour and one half hour of the services of her supervising partner at $150.00 per hour. In addition, the defendant Fred L. Proctor seeks $350.00 for two and one half hours of local counsel's time at $125.00 per hour for the time period before December 3, 1990 and $140 for the time period on and after December 3, 1990.

I agree with plaintiffs' counsel that an award of the total sum sought, $1780.00, would be excessive. It is to be recalled that the Court is directed by the plain terms of Rule 11, Fed.R.Civ.P., to impose "an appropriate sanction" which may include an award of costs and attorney's fees incurred by another party on account of the violation.

I find a sanction of $1,000.00 to be reasonable. If Rule 11 is going to have the deterrent effect which it is designed to have, the penalties which are imposed must have a sufficient "bite" so that the offending attorney will prepare future pleadings with greater care and refrain from filing those which are frivolous. In addition, it is a plain fact that legal services in this day and age are not cheap, and frivolous pleadings require an investment of resources by opposing counsel in preparing and filing responses and oppositions. It is only fair that the sum awarded bear a relation to what might be deemed "reasonable" response costs, including attorney's fees.

Accordingly, it is ORDERED that Lawrence M. Perlmutter, Esquire, pay to counsel for the defendant Fred L. Proctor the sum of one-thousand dollars ($1,000.00) *on or before the close of business on Wednesday, May 1, 1991.* Since the frivolous nature of the motion to remand lay in its ignorance of settled law, it is FURTHER ORDERED that the sum be paid by Lawrence M. Perlmutter, Esquire, personally and not be billed or charged in any way, either directly or indirectly, to the plaintiffs.